IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION


DAVID GEAN                                                                                  PLAINTIFF


VS.                                    CASE NO. 3:15CV00283 PSH


CAROLYN W. COLVIN, Acting Commissioner,
   Social Security Administration                                            DEFENDANT



ORDER

     Plaintiff David Gean ("Gean"), in his appeal of the final decision of the Commissioner of the Social Security Administration (defendant "Colvin") to deny his claim for Disability Insurance benefits (DIB) and supplemental security income (SSI), contends the Administrative Law Judge ("ALJ") erred by: (1) performing a flawed analysis of Gean's credibility; and (2) failing to properly develop the record by not obtaining an opinion from a treating or examining doctor regarding Gean's work-related limitations.  The parties have ably summarized the medical records and the testimony given at the administrative hearing conducted on November 14, 2013.  (Tr. 25-43).  The Court has carefully reviewed the record to determine whether there is substantial evidence in the administrative record to support Colvin's decision.  42 U.S.C. § 405(g).

     An overview of the hearing testimony is helpful.  Gean, a high school graduate with past relevant work as a machine operator and cost estimator, was 39 years old at the hearing.  Gean, who alleged his disability began on January 19, 2012, stated he had back surgery in 2008 and

again in 2012[1]. He indicated he re-injured his back in August of 2012 when lifting his 80 pound dog. Gean acknowledged his physician had imposed a 30 pound lifting limit. After this August 2012 incident Gean describes his back as "pretty much the same" as before he lifted the dog. . . If I get out and mow the yard the next day I pay for it." (Tr. 31). He estimated he could lift 30-40 pounds, stand for an hour to an hour and a half, walk a quarter of a mile, and sit for thirty minutes. If required to sit for thirty minutes, Gean stated he could stand for 10-15 minutes before he could sit again for thirty minutes. (Tr. 32). In addition to back pain, Gean's left heel is constantly numb, according to his testimony. He takes gabapentin for the left heel, and takes pain medication or muscle relaxers on occasion as needed. Gean's daily activities include doing laundry, cooking, and picking up his seven year old son from school. Formerly an avid bow hunter and fisherman, Gean testified he no longer hunts and fished only twice in the year before the hearing.

  Gean's attorney asked, "Now if a job had you, allowed you to do a combination of sit, stand, walk, but you wouldn't have to do any one of them more than 30 minutes at a time, and you could change positions throughout the day, could you do that eight hours a day?" Gean answered, "Yeah." When asked if he could do such a job five days a week, Gean stated, "I would give it my best shot." (Tr. 35-36). Gean's attorney subsequently asked, "I'll go back to my question in about – if you had a job where you're standing and walking and sitting, you know, 30 minutes at a time, for an eight hour day, five days a week, do you think you'd have to lay down during the course of that time?" Gean indicated he would need to lay down for 30-60

---

[1] The medical records show the 2012 surgery, a microdiskectomy at L4-5, took place on February 21. (Tr. 288-89).

minutes each day. (Tr. 37).

Finally, Gean testified that bending and stooping aggravated his back injury. The ALJ inquired about Gean's ability to perform his past work as a cost estimator. Gean stated he sat for maybe six hours in a day when he had this job and "I don't think I could sit there that long." (Tr. 41).

The ALJ asked a vocational expert to consider a hypothetical individual who was capable of lifting 20 pounds occasionally, 10 pounds frequently, standing and walking four hours a day, at one hour intervals, sitting for four hours a day, at 30 minute intervals, pushing and pulling 20 pounds occasionally, 10 pounds frequently, and who could not stoop or crouch. The vocational expert testified that such a worker could perform the job of cost estimator, which is a sedentary job which allows some flexibility in sitting and standing during the work day.

In his May 30, 2014, Decision, the ALJ found Gean to have the severe impairment of degenerative disc disease with radiculopathy. He also found Gean's residual functional capacity (RFC) precisely mirrored the limitations contained in the hypothetical question posed at the hearing. Relying upon the testimony of the vocational expert, the ALJ found Gean could perform his past relevant work as a cost estimator. Therefore, the ALJ concluded Gean was not disabled. (Tr. 9-17).

**Credibility analysis:** The ALJ, citing *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), discounted Gean's credibility, finding he experienced pain and discomfort but his impairments "do not cause the degree of limitation alleged by the claimant." (Tr. 15). The ALJ reviewed the medical records during the relevant time period, with emphasis on the February 2012 back surgery and the follow up care. The ALJ also noted Gean's medications appeared to be helpful,

that there was some evidence of noncompliance, and that Gean's statements were, in some cases, exaggerated and inconsistent with the other evidence.  Finally, the ALJ noted no treating or examining physician opined Gean was disabled or had greater limitations than those contained in the RFC.

Gean contends the credibility analysis was flawed, arguing the ALJ incorrectly weighed the medical evidence and overemphasized his daily activities.  We find no merit in this argument.  With regard to the medical evidence, the ALJ thoroughly discussed the medical treatment.  While Gean would have the ALJ conclude his back impairment imposed greater limitations, the record does not support such a conclusion.  The ALJ correctly noted that no treating or examining physician imposed such limitations.  The medical records also reflect Gean was not seen frequently for care, which is consistent with the ALJ's findings.  In sum, the ALJ fairly stated and weighed the objective medical evidence as part of his credibility determination.

There is also no error in the ALJ's citation of daily activities as part of the credibility evaluation.  The credibility ruling was based upon an examination of all of the *Polaski* factors, and the ALJ's brief mention of Gean's daily activities suggests this was a minor consideration. (Tr. 13).  The ALJ gave more weight to Gean's noncompliance and to his statements which were at odds with the medical records.  For example, Gean was instructed to lift no more than 30 pounds in January of 2012 when he injured his back lifting heavy furniture, and was subject to the same limitation in August of 2012 when he re-injured his back lifting his 80 pound dog.  In addition, Gean executed a Function Report – Audit in support of his disability application in which he indicated his doctor instructed him not to lift, stand, walk, sit, climb stairs, kneel, squat or bend. (Tr. 208).  No medical record supports this assertion.

The *Polaski* discussion was thorough and the conclusion is supported by the record. We also note that Gean's credibility was not greatly discounted, as he testified to being able to do a great deal, even being able to perform a sedentary job except for the occasional need to lay down. There is no merit to the first claim raised by Gean.

**Failure to Develop the Record:** The parties agree that the ALJ has a duty to fully and fairly develop the record, even when the plaintiff is represented by counsel. The plaintiff had counsel at the administrative hearing, and is represented by counsel in this case. Here, the plaintiff urges the ALJ should have contacted a treating or examining physician to obtain an opinion concerning Gean's work-related limitations. We disagree. Gean alleged disability due to back pain and lumbar radiculopathy. The objective medical evidence in this case was ample and focused entirely on his back surgery and subsequent treatment. The ALJ's decision was well-informed. Under these circumstances, we find no error in the ALJ's reliance upon the record before him, and on his decision not to seek further evidence on other issues. Gean did not request a consultative examination at the hearing, and the record contained sufficient evidence upon which the ALJ could rule.

In summary, we find the ultimate decision of Colvin was supported by substantial evidence. We are mindful that the Court's task is not to review the record and arrive at an independent decision, nor is it to reverse if we find some evidence to support a different conclusion. The test is whether substantial evidence supports the ALJ's decision. *See, e.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). This test is satisfied in this case.

IT IS THEREFORE ORDERED that the final decision of Colvin is affirmed and Gean's complaint is dismissed with prejudice.

IT IS SO ORDERED this 15th day of April, 2016.

                                                                                                      _____
UNITED STATES MAGISTRATE JUDGE